JAMES E. HARPER
Nevada Bar No. 9822
TAYLOR G. SELIM
Nevada Bar No. 12091
**HARPER | SELIM**
1707 Village Center Circle, Suite 140
Las Vegas, Nevada 89134
Phone: (702) 948-9240
Fax:     (702) 778-6600
Email: eservice@harperselim.com
*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MACIE PEELER,<br><br>  Plaintiff,<br><br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; DOES 1 through 10; XYZ CORPORATIONS 11 THROUGH 20; and ABC LIMITED LIABILITY COMPANIES 21 through 30,<br><br>  Defendants. | CASE NO.:<br><br>**STATE FARM'S PETITION FOR REMOVAL** |

TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA

State Farm Mutual Automobile Insurance Company ("State Farm"), by and through its attorneys, HARPER | SELIM, hereby remove this action to the United States District Court for the District of Nevada.

The basis of removal is as follows:

1.  This Court has original jurisdiction over the subject matter of this action under the provisions of 28 U.S.C. § 1332 in that there is complete diversity between the parties and more than $75,000 in controversy, exclusive of interest and costs.

2.  State Farm, is an Illinois corporation with its principal place of business in that state, and is authorized to transact insurance under the laws of the State of Nevada. State Farm is a

1  defendant in the above-entitled action now pending in the District Court, Clark County, Nevada,
2  Case No. A-17-761255-C, Dept. XIX. It is alleged in the complaint that the Plaintiff, Macie Peeler,
3  (hereinafter "Plaintiff"), is a resident of the State of Nevada.

4　　　　3.　　　The information contained in the claims file, in addition to the allegations in the
5  Complaint, which are incorporated herein by this reference, establish that Plaintiff seeks damages in
6  excess of the jurisdictional minimum. In summary, this case stems from an automobile accident
7  wherein another vehicle collided with Plaintiff's vehicle while attempting to make an abrupt left
8  turn. At the time of the subject accident, Plaintiff had a State Farm policy of $100,000/$300,000 per
9  person, per accident underinsured motorist ("UIM") policy limits. Plaintiff made a demand to State
10 Farm for her UIM policy limits. Subsequently, a dispute arose regarding Plaintiff's ability to recover
11 her $100,000 UM policy limits. To date, State Farm has not paid Plaintiff any UIM benefits under
12 her policy.

13　　　On September 19, 2017, Plaintiff filed a Complaint against State Farm for breach of
14 contract/declaratory relief, and contractual and tortious breach of the implied covenant of good faith
15 and fair dealing. The action is pending in the District Court, Clark County, Nevada, Case No. A-17-
16 761255-C, Dept. XIX. The basis of the Complaint is that State Farm should have paid Plaintiff
17 $100,000 in UM benefits under her State Farm policy. Thus, on the face of the Complaint, Plaintiff
18 is seeking her $100,000 UIM policy limits under her State Farm policy of insurance. The Complaint
19 includes a plea for contractual damages; general damages; special damages; punitive damages; lost
20 earning capacity; attorney's fees and costs; and other such relief as the Court deems just and proper.
21 The file materials, coupled with the allegations of the Complaint, therefore, clearly establish that the
22 amount in controversy is well above the $75,000 jurisdictional threshold. *See e.g., Hunter v. United*
23 *Van Lines*, 746 F.2d 635 (9th Cir. 1984) (holding that in cases involving a single plaintiff, the
24 aggregate value of the plaintiff's claims may be used to meet the $75,000 amount in controversy
25 requirement); *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818 (6th Cir. 2006); *Long John Silver's,*
26 *Inc. v. DIWA III, Inc.*, 650 F.Supp.2d 612 (E.D. Ky. 2009); *Iglesias v. Mutual Life Ins. Co.*, 918
27 F.Supp. 31 (D. P.R. 1996).

In addition, this Court may also consider insurance bad faith verdicts in Nevada as further evidence in establishing the requisite amount in controversy. *McCaa v. Mass. Mut. Life Ins. Co.*, 330 F. Supp. 2d. 1143 (D. Nev. 2004). Representative verdicts include: *Tracy v. American Family*, 2:09-cv-01257-GMN-PAL (in a September 2010 insurance bad faith case, the jury just awarded $50,000 for breach of contract, and then awarded an additional $150,000 in "general damages" for violation of NRS 686A.310; no award for punitive damages); *Republic Ins. Co. v. Hires*, 107 Nev. 317 (1991) (in an insurance bad faith case, the jury awarded $450,000 for compensatory damages and $22.5 million for punitive damages); *Guaranty Nat'l v. Potter*, 112 Nev. 199 (1996) (in an insurance bad faith case, the jury awarded $75,000 for general compensatory damages even though the insureds were "out-of-pocket" only $4,000; and awarded punitive damage award of $1,000,000); *Albert H. Wholers & Co. v. Bartgis*, 114 Nev. 1249 (1998) (in an insurance bad faith case, the jury awarded $8,757 for "out-of-pocket" damages; $750,000 for general damages; and $7,500,000 in punitive damages against the insurance company); *Merrick v. Paul Revere Life*, 594 F. Supp. 2d 1168 (D. Nev. 2008) (in an insurance bad faith case, the jury awarded $30,000,000 in punitive damages). When all of this evidence is taken together, it is clear that the amount in controversy exceeds $75,000, and that the requirements set forth in 28 U.S.C. § 1332 have been met. As such, removal to federal court based upon diversity jurisdiction is appropriate.

4. The Notice of Removal is timely. Service of the Complaint was effected on State Farm via the Nevada Division of Insurance on September 29, 2017. Pursuant to 28 U.S.C. § 1446(b)(3), State Farm now removes the action to the United States District Court for the District of Nevada.

5. A copy of the Complaint, Summons, and Affidavit of Service are attached hereto as Exhibit "A."

6. State Farm has concurrently filed a copy of this Petition for Removal with the Clark County District Court Clerk, and has served a copy of this upon Plaintiff.

/ / /

1  Based on the foregoing, State Farm removes the above action now pending in the Eighth
2  Judicial District Court, Case No. A-17-761255-C, Dept. XIX, to this Court.
3  DATED this 30th day of October 2017.

**HARPER | SELIM**

/s/ James E. Harper
JAMES E. HARPER
Nevada Bar No. 9822
TAYLOR G. SELIM
Nevada Bar No. 12091
1707 Village Center Circle, Suite 140
Las Vegas, NV 89134
*Attorneys for Defendant*

# CERTIFICATE OF SERVICE

Pursuant to Rule 5(b) of the Federal Rules of Civil Procedure, I hereby certify under penalty of perjury that I am an employee of HARPER | SELIM and that on the 30th day of October 2017, the foregoing **STATE FARM'S PETITION FOR REMOVAL** was served upon the parties via the Court's e-Filing and service program, addressed as follows:

> Brian D. Nettles, Esq.
> Christian M. Morris, Esq.
> Edward J. Wynder, Esq.
> NETTLES LAW FIRM
> 1389 Galleria Drive, Suite 200
> Henderson, NV  89014
> *Attorney for Plaintiff*

_____/s/ Lisa C. Johnson_____
An Employee of
HARPER | SELIM

Exhibit "A"



# Notice of Service of Process

null / ALL
Transmittal Number: 17225987
Date Processed: 10/05/2017

| | |
|---|---|
| Primary Contact: | State Farm Enterprise SOP<br>Corporation Service Company- Wilmington, DELAWARE<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |
| Entity: | State Farm Mutual Automobile Insurance Company<br>Entity ID Number  3461675 |
| Entity Served: | State Farm Mutual Automobile Insurance Company |
| Title of Action: | Macie Peeler vs. State Farm Mutual Automobile Insurance Company |
| Document(s) Type: | Summons and Amended Complaint |
| Nature of Action: | Contract |
| Court/Agency: | Clark County District Court, Nevada |
| Case/Reference No: | A-17-761255-C |
| Jurisdiction Served: | Nevada |
| Date Served on CSC: | 10/04/2017 |
| Answer or Appearance Due: | 20 Days |
| Originally Served On: | NV Department of Business and Industry on 09/29/2017 |
| How Served: | Certified Mail |
| Sender Information: | Christian M. Morris<br>702-434-8282 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com



RECEIVED
SEP 29 2017
DIVISION OF INSURANCE
STATE OF NEVADA

**SUMM**

## District Court
### CLARK COUNTY, NEVADA

MACIE PEELER

    Plaintiff,

vs.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an entity licensed to do business in the State of Nevada; DOES 1 through 10; XYZ CORPORTATIONS 11 through 20; and ABC LIMITED LIABILITY COMPANIES 21 through 30,

    Defendants.

CASE NO.: A-17-761255-C
DEPT NO.: Department 19

**SUMMONS TO STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

**TO THE DEFENDANT: STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**

  A civil Complaint has been filed by the Plaintiff against you for the relief as set forth in the Complaint.

  1. If you wish to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of the day of service, you must do the following:

    a. File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court.

    b. Serve a copy of your response upon the attorney whose name and address is shown below.

  2. Unless you respond, your default will be entered upon application of the Plaintiff, and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

  3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

  4. The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators, each have 45 days after service of this summons within which to file an answer or other responsive pleading to the complaint.

Issued at the direction of:
NETTLES LAW FIRM

STEVEN D. GRIERSON
CLERK OF THE COURT

_____
Edward J. Wynder, Esq., Nevada Bar #13991
Attorney for Plaintiff
1389 Galleria Drive, Suite 200
Henderson, Nevada 89014
Telephone: (702) 434-8282

By: _____Teresa Cameron_____ Date 9/11/2017
Deputy Clerk   Teresa Cameron
Regional Justice Center
200 East Lewis Avenue
Las Vegas, Nevada 89155

**NOTE:** When service is by publication, add a brief statement of the object of the action. See Rules of Civil Procedure 4(b).

STATE OF _____ )
                                              )   ss:            **AFFIDAVIT OF SERVICE**
COUNTY OF _____ )

_____, being duly sworn says: That at all times herein affiant was and is a citizen of the United States, over 18 years of age, not a party to or interested in the proceeding in which this affidavit is made. That affiant received _____ copy(ies) of the Summons and Complaint, _____

on the _____ day of _____, 20_____, and served the same on the _____ day of _____, 20_____, by:

**(Affiant must complete the appropriate paragraph)**

1. Delivering and leaving a copy with the Defendant at (state address) _____ _____.

2. Serving the Defendant _____ by personally delivering and leaving a copy with _____, a person of suitable age and discretion residing at the defendant's usual place of abode located at (state address) _____ _____.

(Use paragraph 3 for service upon agent, completing A or B)

3. Serving the Defendant _____ by personally delivering and leaving a copy at (state address) _____ _____.

   a. With _____, as _____ an agent lawfully designated by statute to accept service of process;

   b. With _____, pursuant to NRS § 14.020 as a persona of suitable age and discretion at the above address, which address is the address of the resident agent as shown on the current certificate of designation filed with the Secretary of State.

4. Personally depositing a copy in a mail box of the United States Post Office, enclosed in a sealed envelope, postage prepaid (check appropriate method):
   \_\_\_ Ordinary mail
   \_\_\_ Certified mail, return receipt requested
   \_\_\_ Registered mail, return receipt requested

   addressed to the defendant _____ at Defendant's last known address which is (state address) _____ _____.

**SUBSCRIBED AND SWORN** to before me this
_____ day of _____, 20\_\_\_\_.

_____
Signature of person making service

_____
**NOTARY PUBLIC** in and for the
County of _____
State of Nevada

RECEIVED SEP 29 2017 DIVISION OF INSURANCE STATE OF NEVADA

Electronically Filed
9/19/2017 2:55 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
BRIAN D. NETTLES, ESQ.
Nevada Bar No. 7462
CHRISTIAN M. MORRIS, ESQ.
Nevada Bar No. 11218
EDWARD J. WYNDER, ESQ.
Nevada Bar No. 13991
NETTLES LAW FIRM
1389 Galleria Drive, Suite 200
Henderson, Nevada 89014
Telephone: (702) 434-8282
Facsimile: (702) 434-1488
brian@nettleslawfirm.com
christian@nettleslawfirm.com
edward@nettleslawfirm.com
*Attorneys for Plaintiff*

### DISTRICT COURT

### CLARK COUNTY, NEVADA

| | |
|---|---|
| MACIE PEELER<br><br>Plaintiff,<br><br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; DOES 1 through 10; XYZ CORPORTATIONS 11 through 20; and ABC LIMITED LIABILITY COMPANIES 21 through 30,<br><br>Defendants. | CASE NO.: A-17-761255-C<br>DEPT. NO.: XIX<br><br>**FIRST AMENDED COMPLAINT** |

COMES NOW, Plaintiff, PEELER MACIE, by and through her counsel, Brian D. Nettles, Esq., Christian M. Morris, Esq., and Edward Wynder, Esq. of the Nettles Law Firm, and for her causes of action against Defendants above named, complains and alleges as follows:

-1-

## GENERAL ALLEGATIONS

1. Plaintiff Macie Peeler (hereinafter "Plaintiff") is, and at all relevant times was, an individual residing in Clark County, Nevada.

2. On information and belief, Defendant State Farm Mutual Automobile Insurance Company (hereinafter "Defendant State Farm") is, and at all relevant times was, an insurance company authorized to write insurance policies in Nevada.

3. Upon information and belief, all of the acts, omissions, and conduct described below of each and every corporate Defendant was duly authorized, ordered, and directed by the respective and collective Defendant corporate employers, officers, and management-level employees of said corporate employers. In addition thereto, said corporate employers participated in the aforementioned acts and conduct of their said employees, agents and representatives and each of them; and upon completion of the aforesaid acts and conduct of said corporate employees, agents and representatives, the Defendant corporations, respectively and collectively, ratified, accepted the benefits of, condoned, lauded, acquiesced, approved, and consented to each and every of the said acts and conduct of the aforesaid corporate employees, agents, and representatives.

4. The true names and capacities, whether individual, corporate, associate, governmental, or otherwise, of Defendants Does 1 through 10, XYZ Corporations 11 through 20, and ABC Limited Liability Companies 21 through 30 ("Does/XYZ/ABC"), inclusive, are unknown to Plaintiff at this time, whom therefore sues said defendants by such fictitious names. When the true names and capacities of said defendants have been ascertained, Plaintiff will amend this Complaint accordingly.

5. Upon information and belief, Doe/XYZ/ABC Defendants were involved in the initiation, approval, support, or execution of the wrongful acts upon which this litigation is premised, or of similar actions against Plaintiff of which Plaintiff is presently unaware.

6. On or about July 11, 2013, and at all times relevant hereto, Plaintiff was the driver of a 2003 GMC Yukon driving her vehicle northbound in the far left travel lane on Swenson Street when another driver failed to properly maintain his travel lane while making an

abrupt left turn, thereby colliding with the front of Plaintiff's vehicle, causing Plaintiff to sustain bodily injury and incur damages.

7. Upon information and belief, on or about July 11, 2013, and at all times relevant hereto, Plaintiff was the named insured on automobile policy 013850828F and/or 0138508F3128F issued by Defendant State Farm (hereinafter the "State Farm Policy").

8. The State Farm Policy contained a provision for uninsured/underinsured motorist coverage in the amount of $100,000.00 per person and $300,000.00 per occurrence.

9. Additionally, the other driver's insurance coverage was inadequate to compensate Plaintiff for her losses.

10. To date, Plaintiff has incurred medical expenses in excess of $148,334.50 as a result of the Subject Crash.

11. Further, Plaintiff is in need of future medical care and surgery.

12. Despite the amount of these expenses, and receipt of medical records to prove the amount, Defendant State Farm refuses to authorize an appropriate settlement that would fully compensate Plaintiff for her losses.

13. Plaintiff first contacted Defendant State Farm regarding the uninsured/underinsured motorist coverage on April 8, 2015.

14. Correspondence between Plaintiff and Defendant State Farm continued from this date until August 10, 2017, when Defendant State Farm denied to extend an Uninsured Motorist bodily injury settlement offer.

15. Defendant State Farm determined a range of value not disclosed to Plaintiff on Plaintiff's claim for benefits under the State Farm Policy.

16. As of June 30, 2017, the only recovery from any and all applicable policies in the underlying matter is $1,000.00.

17. Plaintiff has been damaged by Defendant, in an amount in excess of $15,000.00.

18. As a direct and proximate result of the actions or omissions of Defendant, Plaintiff has had to retain the services of the law offices of Nettles Law Firm to pursue this action and is entitled to recover costs of suit and reasonable attorney's fees incurred herein.

## FIRST CAUSE OF ACTION

**(Breach of Contract)**

19. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 18 as though fully set forth herein.

20. Upon information and belief, on or about July 11, 2013, and at all times relevant hereto, a valid contract, the State Farm Policy, existed between Plaintiff and Defendant State Farm; wherein Defendant State Farm would provide uninsured/underinsured motorist coverage in the amount of $100,000.00 per person and $300,000.00 per occurrence.

21. Upon information and belief, on or about July 11, 2013, Plaintiff had fully performed all of her duties under the State Farm Policy.

22. Upon information and belief, on or about July 11, 2013, the driver who struck Plaintiff was an uninsured/underinsured motorist as defined in the State Farm Policy.

23. Defendant State Farm breached the State Farm Policy by, among other things, refusing to fully compensate Plaintiff under the uninsured/underinsured coverage provisions.

24. As a direct and proximate result of Defendant State Farm's breach of the State Farm Policy, Plaintiff is entitled to recover damages in excess of $15,000.00.

25. As a direct and proximate result of Defendant State Farm's breach of the State Farm Policy, Plaintiff has had to retain the services of the law offices of Nettles Law Firm to pursue this action, and, as such, is entitled to recover costs of suit and reasonable attorney's fees incurred herein.

## SECOND CAUSE OF ACTION

**(Contractual Breach of Implied Covenant and Good Faith and Fair Dealing)**

26. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 25 as though fully set forth herein.

27. In Nevada, implied in every contract, including the State Farm Policy, is a covenant of good faith and fair dealing that requires the parties to act fairly and in good faith with each other.

28. Defendant State Farm breached its duty of good faith and fair dealing by, among other things, refusing to fully compensate Plaintiff under the uninsured/underinsured coverage provisions.

29. As a direct and proximate result of Defendant State Farm's breach of the implied warranty of good faith and fair dealing, Plaintiff is entitled to recover damages in excess of $15,000.00.

30. As a direct and proximate result of Defendant State Farm's breach of the implied warranty of good faith and fair dealing, Plaintiff has had to retain the services of the law offices of Nettles Law Firm to pursue this action, and, as such, is entitled to recover costs of suit and reasonable attorney's fees incurred herein.

## THIRD CAUSE OF ACTION

### (Tortious Breach of Implied Covenant of Good Faith and Fair Dealing)

31. Plaintiff repeats and re-alleges paragraphs 1 through 30 as though fully set forth herein.

32. Implied in every contract in the State of Nevada is a covenant of good faith and fair dealing that requires the parties to act fairly and in good faith with each other.

33. Defendant State Farm owed a duty of good faith to Plaintiff.

34. There was a special element of reliance between Plaintiff and Defendant State Farm where Defendant State Farm was in a superior or entrusted position.

35. Defendant State Farm breached the Defendant State Farm Policy by, among other things, refusing Plaintiff the compensation due under the underinsured coverage provisions and by unreasonably undervaluing Plaintiff's claim, and by placing its own interests above those of Plaintiff.

36. Plaintiff's justified expectations were thus denied.

37. Plaintiff has been damaged by Defendant State Farm's breaches of the implied covenant of good faith and fair dealing in an amount in excess of $15,000.00.

38. Plaintiff has been required to retain the services of counsel to prosecute this matter, and, as such, is entitled to an award of costs and reasonable attorneys' fees incurred herein.

39. As Defendant State Farm's tortious breaches of the implied covenant of good faith and fair dealing was oppressive, fraudulent and/or malicious, Plaintiff is entitled to punitive and/or exemplary damages.

## FOURTH CAUSE OF ACTION

### (Declaratory Relief)

40. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 39 as though fully set forth herein.

41. Under N.R.S. § 30.010 et seq., the Uniform Declaratory Judgment Act, any person interested under a written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a contract, may have determined any question of construction or validity arising under the contract and obtain a declaration of rights, status or other legal relations thereunder.

42. A justiciable controversy exists as Plaintiff has asserted a claim of right to indemnification for her loss from Defendant State Farm, and Defendant State Farm has an interest in contesting Plaintiff's claim of right because they have repudiated the State Farm Policy, and have refused to indemnify Plaintiff for her uninsured/underinsured motorist claim. Accordingly, the controversy is among persons whose interests are adverse.

43. Plaintiff has a legally-protectable interest in the controversy, i.e., her right to indemnification from Defendant State Farm.

44. The issue involved in the controversy is ripe for judicial determination because there is a substantial controversy, among parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

45. Accordingly, Plaintiff requests a declaratory judgment that Defendant State Farm owes her a duty to indemnify her on her uninsured/underinsured motorist claim.

NETTLES LAW FIRM
1389 Galleria Drive, Suite 200
Henderson, NV 89014
702-434-8282 / 702-434-1488 Fax

46.     Plaintiff has been required to retain the services of counsel to prosecute this matter and, as such, is entitled to an award of their costs and reasonable attorneys' fees incurred herein.

**WHEREFORE**, Plaintiff prays for relief against Defendants, and each of them, as follows:

1. For damages in excess of $15,000.00;
2. For interest as permitted by law;
3. For declaratory judgment;
4. For punitive and/or exemplary damages;
5. For costs and attorney's fees incurred herein; and
6. For such other and further relief as the Court deems proper.

DATED this 19th day of September, 2017.

NETTLES LAW FIRM

/s/ _____
BRIAN D. NETTLES, ESQ.
Nevada Bar No. 7462
CHRISTIAN M. MORRIS, ESQ.
Nevada Bar No. 11218
EDWARD J. WYNDER, ESQ.
Nevada Bar No. 13991
1389 Galleria Drive, Suite 200
Henderson, Nevada 89014
*Attorneys for Plaintiff*

-7-