# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MACIE PEELER, | Case No. 2:17-cv-02735-JAD-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | |
| Defendant. | |

Presently before the court are Defendant's Motion to Stay Discovery (ECF No. 36), Plaintiff's Opposition to Defendant's Motion to Stay Discovery (ECF No. 41), and Defendant's Reply In Support Of Its Motion to Stay Discovery (ECF No. 42), filed on May 8, 2019, May 21, 2019, and May 28, 2019, respectively. Defendant seeks to stay discovery because it currently has a motion for summary judgment pending. (ECF No. 34.) In addition to opposing this motion to stay, Plaintiff filed Plaintiff's Individual Discovery Plan and Scheduling Order on May 8, 2019 (ECF No. 37), which is also presently before the court.

## **BACKGROUND**

Plaintiff was in a car accident with Anthony Aiello in 2013. (ECF No. 34 at 3.) At the time of the accident, Plaintiff had an insurance policy with Defendant, which provided uninsured motor vehicle coverage. (*Id.* at 3-4.) This policy provided Plaintiff coverage for bodily injury if she was involved in an accident with an uninsured (or underinsured) motor vehicle and she established (1) fault by the uninsured/underinsured tortfeasor (Mr. Aiello) and (2) the extent of Plaintiff's damages resulting from the car accident. (ECF Nos. 34 at 3-4, 38 at 7.)

Plaintiff initiated two lawsuits after her car accident: one in state court against Mr. Aiello and one (now in federal court) against Defendant to recover her insurance benefits. (ECF No. 34 at 3, 5.)

The state court action alleged that Mr. Aiello was at fault for the 2013 car accident involving Plaintiff. (ECF No. 41 at 3.) At trial, Mr. Aiello apparently admitted he was at fault on the record. (ECF No. 38 at 10; Ex. 3.) However, the jury found for Mr. Aiello and did not award Plaintiff any damages. (ECF No. 34; Ex. E.)

This action originated in state court and the Defendant subsequently removed it to federal court. (ECF No. 1.) In this case, Plaintiff alleges two causes of action against Defendant: (1) breach of contract and (2) breach of the implied covenant of good faith and fair dealing. (ECF No. 7.) Essentially, Plaintiff alleges that Defendant breached the parties' insurance contract and acted in bad faith by failing to pay Plaintiff the benefits to which she is allegedly entitled under her insurance contract. (*Id.* at 4-5.)

Because of the pending and related state court case, this case was stayed on April 30, 2018. (ECF No. 30.) On March 29, 2019, Plaintiff moved to lift the stay because the jury reached a verdict in the state court action. (ECF No. 32.) The court granted Plaintiff's motion and lifted the stay on April 8, 2019. (ECF No. 33.)

Defendant immediately moved for summary judgment on the grounds that the jury's verdict in the state court action prevents Plaintiff from recovering from Defendant in this case. (ECF No. 34). Defendant also now seeks to stay discovery until its motion for summary judgment is decided. (ECF No. 36.)

Importantly, after the court lifted the stay in this case, Plaintiff filed a motion for a new trial in the state court action. (ECF No. 38 at 4; Ex. 4.) A hearing on Plaintiff's motion for a new trial is currently set for July 31, 2019.

## **DISCUSSON**

Courts have broad discretionary power to control discovery. *See Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). When deciding whether to grant a stay of discovery, the court is guided by the objectives of Fed. R. Civ. Pro. 1 that ensures a "just, speedy, and inexpensive

determination of every action." *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013). Accordingly, considerations of judicial economy and preserving the parties' resources may warrant a stay in some cases. *U.S. for Use & Benefit of Newton v. Neumann Caribbean Int'l, Ltd.*, 750 F.2d 1422, 1426-27 (9th Cir. 1985).

The Federal Rules of Civil Procedure do not, however, provide for automatic or blanket stays of discovery just because a potentially dispositive motion is pending. *See Skellerup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 600-01 (C.D. Cal. 1995). In fact, a dispositive motion ordinarily does not warrant a stay of discovery. *See Twin City Fire Ins. v. Employers of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989); *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). However, when a party moves for a stay because a dispositive motion is pending, the court may grant the stay when "(1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the court has taken a 'preliminary peek' at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief." *Kor Media Group*, 294 F.R.D. at 581.

Here, Defendant requested a stay of discovery because it has a motion for summary judgment pending. After conducting its "preliminary peek" at Defendant's motion for summary judgment, the court finds that a stay of discovery is inappropriate under the *Kor Media* factors, because it is not convinced that Defendant will prevail on its motion for summary judgment, as discussed in more detail below. However, the court will nonetheless stay discovery in this case based on its inherent authority and to prevent unnecessary waste of the parties' and the court's resources. *See Little*, 863 F.2d at 685; *U.S. for Use & Benefit of Newton*, 750 F.2d at 1426-27 (staying case pending conclusion of related arbitration not an abuse of discretion, as it was supported by considerations of economy and efficiency). As discussed below, the reasons that originally made a stay in this case appropriate still apply; litigation is ongoing in the state court case and that litigation may have preclusive effects on this litigation.

Regarding Defendant's summary judgment motion, Defendant argues that Plaintiff cannot establish that Defendant breached the parties' insurance contract unless she establishes that she

has a legal entitlement to the benefits of her insurance policy. (*See* ECF No. 34 at 2.) To establish legal entitlement, Plaintiff must prove 1) fault by the uninsured/underinsured tortfeasor (Mr. Aiello) and (2) the extent of Plaintiff's damages resulting from the car accident. (*Id.*) Defendant further argues Plaintiff cannot establish that she has a legal entitlement to her benefits because the jury found for Mr. Aiello in the state court action. (*Id.* at 10.) It appears to the court that the Defendant is *not* arguing that proving Mr. Aiello's fault in state court was the only way to establish legal entitlement, but rather that because Plaintiff pursued this route, Plaintiff is collaterally estopped from relitigating Mr. Aiello's fault in federal court (though Defendant does not use the phrase "collateral estoppel"). (*See* ECF No. 43 at 4-5 ("Plaintiff is correct that *Pemberton* does not require her to obtain the determination of liability and full extent of damages through a judgment against a tortfeasor. Plaintiff may utilize other means of doing so . . . In the instant matter, however, . . . Plaintiff chose to sue the alleged underinsured driver in state court . . . [T]he same is binding on the instant matter.") (emphasis omitted).) Finally, Defendant concludes that Plaintiff cannot establish bad faith unless she establishes that Defendant breached the parties' contract. (ECF No. 34 at 7-8, 10-11.)

The court disagrees with Defendant's argument that Plaintiff cannot establish she has a legal entitlement to her benefits because the jury found for Mr. Aiello in the state court action. The jury's verdict is not a final judgment yet, and a final judgment is required for the Plaintiff to be collaterally estopped in this case. *See Kahn v. Morse & Mowbray*, 121 Nev. 464, 474 (2005) ("The following three elements must be met to preclude a party from litigating issues previously addressed: '(1) the issue decided in the prior litigation must be identical to the issue presented in the current action; (2) the initial ruling must have been on the merits and have become final; and (3) the party against whom the judgment is asserted must have been a party in privity with a party to the prior litigation.'"). Here, litigation is ongoing: Plaintiff has a motion for a new trial pending. (ECF No. 38 at 4; Ex. 4.) Accordingly, depending on how the state court rules on Plaintiff's motion and whether either party subsequently files an appeal, the result in the state court case may change. As such, the court is not confident that Defendant will prevail on its

motion for summary judgment on collateral estoppel grounds. Staying discovery under *Kor Media* is not appropriate.

However, staying discovery is still appropriate for the reasons it was originally appropriate. It would not be an efficient use of the parties' resources to engage in discovery in this case while the state case is pending, given that it may ultimately have preclusive effects in this case. *See Little*, 863 F.2d at 685. Accordingly, the court, in its discretion, will stay discovery in this case until a final judgment on the merits is reached in the underlying state court case. For the same reasons, the court denies Plaintiff's Individual Discovery Plan and Scheduling Order. (ECF No. 37.)

**IT IS HEREBY ORDERED** that Defendant's Motion to Stay Discovery (ECF No. 36) is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff's Individual Discovery Plan and Scheduling Order (ECF No. 37) is DENIED.

**IT IS FURTHER ORDERED** that if Defendant's Motion for Summary Judgment is denied, the parties must meet and confer and file a proposed discovery plan and scheduling order within 21 days from the date the court's summary-judgment order is entered.

DATED: July 25, 2019

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE