UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MACIE PEELER,<br><br>         Plaintiff,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INS. CO.,<br><br>         Defendant. | Case No. 2:17-cv-02735-JAD-DJA<br><br>**ORDER** |

This matter is before the Court on Defendant's Emergency Motion to Stay Discovery (ECF No. 67), filed on June 8, 2020. Plaintiff filed a Response (ECF No. 69) on June 19, 2020. Defendant filed a Reply (ECF No. 70) on June 25, 2020. The Court finds this matter properly resolved without a hearing. *See* Local Rule 78-1.

Courts have broad discretionary power to control discovery. *See, e.g., Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir.1988). In deciding whether to grant a stay of discovery, the Court is guided by the objectives of Rule 1 to ensure a just, speedy, and inexpensive determination of every action. *See Kidneigh v. Tournament One Corp.*, 2013 WL 1855764, at \*2 (D. Nev. May 1, 2013). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011). However, preliminary issues such as jurisdiction, venue, or immunity are common situations that may justify a stay. *See Twin City Fire Ins. v. Employers of Wausau*, 124 F.R.D. 653 (D. Nev. 1989); *see also Kabo Tools Co. v. Porauto Indus. Co.*, 2013 WL 5947138, at \*1 (D. Nev. Oct. 31, 2013) (granting stay based on alleged lack of personal jurisdiction); *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife,* 288 F.R.D. 500, 506 (D. Nev. 2013) (granting stay based in part on alleged lack of subject matter jurisdiction). Further, motions to stay discovery pending resolution of a dispositive motion may

be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion to evaluate the likelihood of dismissal. *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).

A party seeking to stay discovery pending resolution of a potentially dispositive motion bears the heavy burden of establishing that discovery should be stayed. *See, e.g., Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) (noting that a stay of discovery may be appropriate where the complaint was "utterly frivolous, or filed merely for settlement value."); *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). When deciding whether to issue a stay, a court must take a "preliminary peek" at the merits of the dispositive motion pending in the case. *Tradebay*, 278 F.R.D. at 602-603. In doing so, a court must consider whether the pending motion is potentially dispositive of the entire case, and whether that motion can be decided without additional discovery. *Id.* This "preliminary peek" is not intended to prejudge the outcome, but to evaluate the propriety of a stay of discovery "with the goal of accomplishing the objectives of Rule 1." *Id.* (citation omitted). That discovery may involve inconvenience and expense is not sufficient, standing alone, to support a stay of discovery. *Turner Broadcasting*, 175 F.R.D. at 556. An overly lenient standard for granting requests to stay would result in unnecessary delay in many cases.

After considering all of the arguments raised by the parties, the Court finds that Defendant has not carried its burden of demonstrating that a stay of discovery is warranted in this case. Having taken a preliminary peek at the Motion for Reconsideration or Request for Certification (ECF No. 51), the Court is not convinced that Defendant will succeed in obtaining the relief requested. The Court notes its view "may be very different than how the assigned district judge will see the . . . picture." *AMC Fabrication, Inc. v. KRD Trucking W., Inc.*, 2012 WL 4846152, *4 (D. Nev. Oct. 10, 2012). Nevertheless, the Court does not agree with Defendant that the pending Motion warrants a stay of discovery as it is not dispositive of the entire case and would unnecessarily delay discovery. Indeed, this case was removed to this Court on October 30, 2017 and Judge Dorsey has already issued her Order (ECF No. 47) denying Defendant's Motion for

Summary Judgment.  Further, the parties have participated in a settlement conference, which was unsuccessful.  (ECF No. 64).  The Court finds this case is ripe for discovery to commence and will deny Defendant's request to stay.

IT IS THEREFORE ORDERED that Defendant's Emergency Motion to Stay Discovery (ECF No. 67) is **denied**.

IT IS FURTHER ORDERED that the parties shall file a stipulated discovery plan and scheduling order within 14 days of this Order and review the amendments to the Local Rules of Practice for the District of Nevada that were adopted on April 17, 2020, specifically Local Rules 26-1 through 26-7, to ensure that they submit a compliant plan.

DATED: June 26, 2020.

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE