JAMES E. HARPER
Nevada Bar No. 9822
SABRINA G. WIBICKI
Nevada Bar No. 10669
**HARPER | SELIM**
1935 Village Center Circle
Las Vegas, Nevada 89134
Phone: (702) 948-9240
Fax:     (702) 778-6600
Email: eservice@harperselim.com
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MACIE PEELER,<br><br>  Plaintiff,<br><br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; DOES 1 through 10; XYZ CORPORATIONS 11 THROUGH 20; and ABC LIMITED LIABILITY COMPANIES 21 through 30,<br><br>  Defendants. | CASE NO.:   2:17-cv-02735-JAD-DJA<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY CUTOFF DEADLINE (Fifth Request)** |

Pursuant to Fed. R. Civ. P. 6, Fed. R. Civ. P. 26, LR 26-1, and LR 26-4, Plaintiff, MACIE PEELER ("Plaintiff"), by and through her counsel of record, NETTLES | MORRIS and MATTHEW L. SHARP, LTD., and Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ("Defendant"), by and through its counsel of record, HARPER | SELIM, (collectively, "the Parties") hereby stipulate and agree to a sixty (60) day continuance of the close of discovery deadline.

/ / /

/ / /

/ / /

/ / /

/ / /

1

## I.   STATEMENT OF DISCOVERY COMPLETED

1. The parties participated in the Fed. R. Civ. P 26(f) conference on January 2, 2018.

2. Plaintiff served her FRCP 26(A) Initial List of Witness and Documents on January 9, 2018.

3. Plaintiff served her First Supplement to FRCP 26(A) Initial List of Witness and Documents on March 8, 2018.

4. Defendant served its Rule 26.1(a)(1) Initial Disclosure on March 9, 2018.

5. Defendant served its Designation of Expert Witness on April 16, 2018.

6. Discovery in this case was then stayed on July 25, 2019. ECF 46 at 5:10-11.

7. On August 6, 2020, the Court re-set the discovery deadlines in this case. ECF 80.

8. Defendant served its Amended Rule 26.1(a)(1) Initial Disclosure on August 18, 2020.

9. Plaintiff propounded her First Set of Interrogatories, Requests for Production of Documents and Requests for Admission to Defendant on October 27, 2020.

10. Defendant served its Responses to Plaintiff's First Set of Interrogatories, Requests for Production of Documents and Requests for Admission on December 31, 2020.

11. Plaintiff served her Second Set of Requests for Production of Documents to Defendant on December 3, 2020.

12. Defendant served its Responses to Plaintiff's Second Set of Requests for Production of Documents on December 31, 2020.

13. Plaintiff propounded her Third Set of Requests for Production of Documents to Defendant on January 20, 2021.

14. Defendant served its Responses to Plaintiff's Third Set of Requests for Production of Documents on February 22, 2021.

15. Defendant served its Amended Responses to Plaintiff's Second Set of Requests for Production of Documents on May 7, 2021.

16. Defendant served its First Supplemental Designation of Expert Witness on July 12, 2021.

17. Plaintiff served her Initial Expert Disclosures on July 12, 2021.

18. Defendant propounded its First Set of Interrogatories, Requests for Production of Documents, and Requests for Admissions to Plaintiff on July 16, 2021.

19. Defendant served its Amended Responses to Plaintiff's Second Set of Requests for Production of Documents on July 21, 2021.

20. On July 21, 2021, Defendant served Notices of Taking Deposition of Person Most Knowledgeable and/or Custodian of Records of Plaintiff's medical providers re: billing and liens, including: Centennial Hills Hospital; Chiropractic Healing; David Ross, M.D.; Desert Radiology; HealthCare Partners/Intermountain Healthcare; Henderson Hospital; Interventional Pain and Spine Care; Las Vegas Radiology; Neuromonitoring & Monitoring; Nevada Orthopedic and Spine; Nevada Spine Clinic; PBS Anesthesia; Shadow Emergency Physicians; Smoke Ranch Surgery Center; Surgical Arts Center; and US Anesthesia.

21. The deposition of Amy Scribner was taken on July 22, 2021.

22. The deposition of Anna Hasenpflug was taken on July 23, 2021.

23. The deposition of Defendant's 30(b)(6) witness, Jason Snyder, was taken on July 23, 2021.

24. Plaintiff propounded her Fourth Set of Requests for Production of Documents to Defendant on July 23, 2021.

25. Defendant propounded its First Set of Interrogatories, Requests for Production of Documents, and Requests for Admissions to Plaintiff on July 27, 2021.

26. Defendant served its Second Supplemental Designation of Expert Witnesses an Rebuttal to Plaintiff's Expert Witnesses on August 9, 2021.

27. Plaintiff served her Rebuttal Expert Disclosures on August 9, 2021.

28. Plaintiff served her Second Supplement to FRCP 26(A) Initial List of Witness and Documents on August 9, 2021.

29. Defendant served its Responses to Plaintiff's Fourth Set of Requests for Production of Documents on August 25, 2021.

3

30. Plaintiff served her Answers/Responses to Defendant's First Set of Interrogatories, Requests for Production of Documents on September 1, 2021.

31. Plaintiff served her Answers/Responses to Defendant's Second Set of Interrogatories, Requests for Production of Documents on September 1, 2021.

32. Plaintiff served her Third Supplement to FRCP 26(A) Initial List of Witness and Documents on September 3, 2021.

33. Plaintiff served her Fourth Supplement to FRCP 26(A) Initial List of Witness and Documents on September 13, 2021.

34. Plaintiff server her First Supplement to Initial Expert Disclosures on September 13, 2021.

## II. DESCRIPTION OF REMAINING DISCOVERY TO BE COMPLETED

1. Deposition of Plaintiff's expert, Scott Glogovac, Esq., as previously noticed for October 19, 2021

2. Deposition of Plaintiff, Macie, Peeler, as previously noticed for October 25, 2021

3. Deposition of Plaintiff's expert, Frederick C. Berry, Jr., as previously noticed for October 26, 2021

4. Deposition of Defendant's expert, Michael Seiff, M.D., requested and his office reports that he is not available until late December or early January 2022.

## III. REASONS WHY DISCOVERY SHOULD BE EXTENDED

Plaintiff and Defendant have been diligently pursuing discovery in this matter, including serving disclosures, serving/answering written discovery, noticing/conducting depositions, and disclosing experts and reports. However, the parties concur that additional time is warranted given the several issues that have arisen that were brought to the Court's attention via motion and are still pending decisions, all of which would affect the remaining discovery to be completed.

Specifically pending before the Court are the following motions:

1. Plaintiff's Motion to Compel Production of Defendant's Unredacted Insurance Claims File, and Motion for Sanctions (ECF 97);
2. State Farm Mutual Automobile Insurance Company's Objection to Plaintiff's Subpoenas Duces Tecum, Motion to Quash and/or Motion for Protective Order (ECF 104 and 105); and
3. State Farm Mutual Automobile Insurance Company's Motion for Reinstatement of Stay Pending Resolution of State Court Action On Order Shortening Time (ECR 108).

The decisions on these motions will affect (1) whether any discovery should be proceeding in this action while the underlying related action proceeds in state court, and (2) if so, the scope of the remaining witnesses' testimony.

In addition to a request to extend discovery, Plaintiff and Defendant request a hearing on the pending motions so they can obtain rulings on the outstanding issues. The request is consistent with Fed. R. Civ. P. 1 because the court orders will impact future discovery and the parties may avoid unnecessary expenses while being able to efficiently conduct discovery and mitigating the likelihood of future motions regarding discovery.

Given the state of the case, the Parties have agreed to extend the current discovery deadlines for sixty (60) days and would request that this Court, if possible, set hearings to address the outstanding motions. The Parties anticipate approximately one (1) hour of court time to resolve the motions.

IV. **PROPOSED SCHEDULE FOR COMPLETING REMAINING DISCOVERY**

Plaintiff and Defendant have agreed to extend the current discovery deadline herein for sixty (60) days to complete the remaining discovery as outlined above. If approved, the new discovery deadlines would be modified as follows:

| Task | Current Deadline | Proposed Deadline |
|---|---|---|
| Close of Discovery | November 4, 2021 | January 3, 2022 |
| Dispositive Motions | December 6, 2021 | February 2, 2022 |
| Joint Pre-Trial Order | January 5, 2022 | March 4, 2022 |

5

**IT IS SO STIPULATED AND AGREED.**

DATED this 14th day of October, 2021.          DATED this 14th day of October, 2021.

**NETTLES | MORRIS**                                         **HARPER | SELIM**

/ s / Matthew L. Sharp                                        / s / Sabrina G. Wibicki
_____           _____
BRIAN D. NETTLES                                          JAMES E. HARPER
Nevada Bar No. 7462                                         Nevada Bar No. 9822
CHRISTIAN M. MORRIS                                    SABRINA G. WIBICKI
Nevada Bar No. 11218                                       Nevada Bar No. 10669
RACHEAL A. ROSS                                          1935 Village Center Circle
Nevada Bar No. 14943                                       Las Vegas, Nevada 89134
1389 Galleria Drive, Suite 200                           *Attorneys for Defendant*
Henderson, NV 89014

MATTHEW L. SHARP
Nevada Bar No. 4746
432 Ridge Street
Reno, NV 89501
*Attorneys for Plaintiff*

**ORDER**

The parties' Stipulation to Extend Discovery Cutoff Deadline is granted in part and denied in part. The request to extend the discovery deadlines sixty days is GRANTED. The parties' additional request within the stipulation to set hearings on the pending motions is GRANTED ONLY as it relates to the motion to compel (ECF No. 95), the motion for sanctions (ECF No. 97), the motion for protective order (ECF No. 104), and the motion to quash (ECF No. 105). The hearing will be set by separate order.

IT IS SO ORDERED.

DATED: October 28, 2021

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

6