# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Macie Peeler, | Case No. 2:17-cv-02735-JAD-DJA |
| Plaintiff, | |
| v. | **Order** |
| State Farm Mutual Automobile Insurance Company, | |
| Defendant. | |

This is an insurance bad faith action arising out of a car accident between two of Defendant State Farm Mutual Automobile Insurance Company's insureds: Plaintiff Macie Peeler and third-party Anthony Aiello. Plaintiff sues Defendant for damages, asserting breach of contract and bad faith. Plaintiff moves to compel Defendant's responses to two requests for production and moves for attorneys' fees in connection with the motion to compel. (ECF Nos. 123 and 125). Because the court finds that the two requests seek information both relevant and proportional to the case, it grants the motion to compel. However, because reasonable minds could disagree on the relevance and proportionality of the requests, the Court denies the motion for attorneys' fees. The Court finds these matters properly resolved without a hearing. LR 78-1.

**I.    Background.**

Plaintiff served Defendant with Request for Production ("RFP") Nos. 17 and 18 on July 23, 2021. (ECF No. 125 at 3). Defendant responded with objections and asserted privileges:

> **Request for Production No. 17:**
> Please produce a complete copy of all reports authored by Michael E. Seiff, M.D., FACS, The Spine and Brain Institute, which were paid for by Defendant State Farm Mutual Automobile Insurance Company for the time period beginning October 29, 2011, representing five (5) years prior to the date of the initial report Dr.

Seiff authored regarding Plaintiff (dated October 29, 2016) to present.

**Response to Request for Production No. 17:**
Objection. This Request is overly broad in time, scope (types of insurance coverage), and geographic area and because it is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit. State Farm further objects on the grounds that it seeks information that is neither relevant to the claims or defense of any party nor proportional to the needs of the case. The prior testimony of any expert in other, unrelated matters will neither prove nor disprove the existence of any mishandling of this claim. All claims are handled on their own individual merits. This Request also has the potential to be burdensome.

**Request for Production No. 18:**
Please produce a complete copy of all invoices, financial statements, documents and/or billing statements in any way pertaining to the amount of monetary compensation paid to Michael E. Seiff, M.D., FACS, The Spine and Brain Institute, for all reports produced in response to Request for Production No. 17, above, for the time period beginning October 29, 2011, representing five (5) years prior to the date of the initial report Dr. Seiff authored regarding Plaintiff (dated October 29, 2016) to present.

**Response to Request for Production No. 18:**
Objection. This Request is overbroad in time (not limited to a reasonable period of time), geography (not limited to Nevada) and on the grounds that it seeks information that is neither relevant to the claims or defenses of a party nor proportional to the needs of the case. The existence of payments to Michael E. Seiff, M.D., FACS, The Spine and Brain Institute, in other, unrelated matters will neither prove nor disprove that any wrongdoing occurred in the handling of the claim which is the subject of this lawsuit. Further, this request may also violate the privacy rights of other individuals and/or vendors, as well as invade the attorney client privilege and/or the work product doctrine.

Plaintiff's counsel called Defendant's counsel on October 27, 2021 and November 3, 2021 to discuss the discovery requests. (ECF No. 12 at 4). Plaintiff's counsel asserts that she offered to narrow the requests, but that "Defense counsel stated that there was no way for the requests to be tailored so that they would not be burdensome." (*Id.*). Defense counsel disagrees with Plaintiff's counsel's version of events, asserting that Plaintiff's counsel did not offer "to narrow the discovery request in any way…I discussed the potential of narrowing the request to instances

w[h]ere Dr. Seiff has been retained directly by State Farm to conduct an independent medical examination in conjunction with first-party claim[s]. The offer was rejected." (ECF No. 126 at 3).

**II.     Standard.**

If a party resists discovery, the requesting party may file a motion to compel. *See* Fed. R. Civ. P. 37(a)(1), (a)(3)(B)(iii)-(iv) ("A party seeking discovery may move for an order compelling an answer, [or] production ... if ... (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to produce documents ... as requested under Rule 34."). The motion must include a threshold showing that the requested information falls within the scope of discovery under Rule 26. *See Sanhueza v. Lincoln Technical Institute, Inc.*, No. 2:13-cv-2251-JAD-VCF, 2014 WL 6485797, at *2 (D. Nev. Nov. 18, 2014) (citing *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992)). To be discoverable under Federal Rule of Civil Procedure 26(b)(1), information must be: (1) relevant to any party's claim or defense; and (2) proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). The party opposing discovery has the burden of showing that the discovery is, among other things, irrelevant, overly broad, or unduly burdensome. *See Fosbre v. Las Vegas Sands Corp.*, No. 2:10-cv-00765-APG-GWF, 2016 WL 54202, at *4 (D. Nev. Jan. 5, 2016) (citing *Graham v. Casey's General Stores*, 206 F.R.D. 251, 253-54 (S.D. Ind. 2000)). To meet this burden, the objecting party must specifically detail the reasons why each request is objectionable. *See Fosbre*, 2016 WL 54202, at *4.

Federal Rule of Civil Procedure 26(b)(2)(C) further limits discovery and allows the Court to restrict discovery where it is "outside the scope of Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(3). In deciding whether to restrict discovery under Federal Rule of Civil Procedure 26(b)(2)(C), the Court "should consider the totality of the circumstances, weighing the value of the material sought against the burden of providing it, and taking into account society's interest in furthering the truth-seeking function in the particular case before the court." *Caballero v. Bodega Latina Corp.*, No. 2:17-cv-00236-JAD-VCF, 2017 WL 3174931, at *3 (D. Nev. July 25, 2017) (internal citations and quotations omitted). Fed. R. Civ. P. 26 gives the Court broad discretion to

"tailor discovery narrowly and to dictate the sequence of discovery." *See id.* (internal citations and quotations omitted).

**III.   Discussion.**

    ***A.     The Court grants Plaintiff's motion to compel.***

        1.   <u>Relevance.</u>

The information Plaintiff seeks to compel is relevant. Plaintiff argues that the information she seeks—Dr. Seiff's prior reports and compensation for those reports—is relevant to whether Dr. Seiff has a history of finding in favor of State Farm. (ECF No. 123 at 6-12). She relies on *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1010 (9th Cir. 2004) for the proposition that evidence of Dr. Seiff's prior reports and payments from Defendant are relevant to show whether he was biased. (*Id.* at 11-12).

Defendant responds that Plaintiff's case is more comparable to *Sekera v. Allstate Ins. Co.*, 763 Fed. Appx. 629 (9th Cir. 2019) than *Hangarter*. (ECF No. 126 at 7-9). Defendant argues that Plaintiff has not provided evidence—like the plaintiff did in *Hangarter*—that the insurer had a policy of denying the most expensive claims. (*Id.*). Instead, Defendant argues that the case is more like *Sekera*, where the Ninth Circuit found that the plaintiff failed to introduce evidence calling the expert into question. (*Id.*). Defendant argues that the plaintiff's "mere allegation of bias," without more, meant that the insurance company "was entitled to rely in good faith on its expert report…" (*Id.*).

In reply, Plaintiff argues that her case is like *Hangarter* because she has evidence of Defendant's wrongdoing. (ECF No. 128 at 5). She points to portions of testimony from the insurance adjuster who handled Plaintiff's claim for Defendant where the adjuster "testified that Dr. Seiff's report was biased and relying on him was unreasonable and unfair." (*Id.*). Unlike in *Sekera*, she argues, where there was "no evidence calling into question the legitimacy of the expert's assessment," here, the adjuster's testimony calls into question the legitimacy of Dr. Seiff's assessments. (*Id.* at 8). She adds that, unlike the plaintiff in *Sekera* who refused to provide his medical records to the insurance company, here Plaintiff has been cooperative in

providing her records. (*Id.* at 8-9). Thus, she argues, her case is more comparable to *Hangarter* and thus, the evidence she seeks is relevant. (*Id.* at 9).

The Court finds that the information Plaintiff seeks is relevant to her claims for the purposes of discovery. One issue that both parties miss in briefing relevance is that relevance is broader than admissibility. "Information within th[e] scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The difference between relevance and admissibility directly impact how *Hangarter* and *Sekera* apply here.

In *Hangarter*, by the time the Ninth Circuit addressed the case, the district court had already decided that evidence showing a medical expert's bias was both relevant and admissible. *See Hangarter*, 373 F.3d at 1010-1011. That evidence included the number of times the insurance company hired the expert and how often the expert decided in favor of the insurance company. *See id.* The Ninth Circuit only analyzed whether this evidence—coupled with other evidence of the insurance company's wrongdoing—was sufficient for the jury to find bad faith. *See id. Hangarter* does not, as Defendant seems to assert, stand for the proposition that Plaintiff must demonstrate evidence of Defendant's wrongdoing as a prerequisite for evidence showing Dr. Seiff's bias to be relevant.

Nor does *Sekera* stand for that proposition. In *Sekera*, the Ninth Circuit analyzed whether the district court properly entered summary judgment in favor of the insurance company. *See Sekara*, 763 Fed. Appx. at 631. There, the plaintiff asserted that the district court erred because the insurance company's medical expert was biased. *See id.* The plaintiff asserted that the expert "almost always works for insurance companies…" *Id.* But the Ninth Circuit found plaintiff's assertion insufficient because there was "no evidence calling into question the legitimacy of the expert's assessment or the process by which the independent medical exam was initiated or carried out." *Id.* Evidence that could have challenged the expert's independence would have thus been unquestionably relevant the district court's—and Ninth Circuit's—analyses. *See id.*

Plaintiff is not asking to submit evidence to the jury or use it in connection with a summary judgment motion. She is asking to discover it, asserting that it is relevant to her claim of bias. As *Hangarter* demonstrates, evidence related to an insurance company's retention of an

expert is relevant to the question of bias.  The Court thus finds that the information requested by RFP Nos. 17 and 18 is relevant.

                2.        <u>Proportionality.</u>

Plaintiff's requests are also proportional.  Plaintiff argues that Defendant has not demonstrated why the evidence she seeks would be burdensome. (ECF No. 123 at 12-13). Defendant, she argues, is in the best position to locate and provide the documents as the legal owners of the documents and a large entity with numerous employees. *Id.*  Plaintiff acknowledges that she also subpoenaed the documents from Dr. Seiff, but asserts that the requests are not duplicative or cumulative because,

> Dr. Seiff is often retained by legal counsel who are then paid by State Farm for services provided.  Thus, it is possible and likely that Dr. Seiff may not be fully aware of or able to locate document and records regarding when he is testifying on behalf of a law firm retained by State Farm.  To the contrary, State Farm is in a better position to know how and when it has paid a law firm that retains the services of Dr. Seiff on its behalf. (*Id.*).

Defendant responds that the information is disproportional to the needs of the case because it is "being asked to compromise its customers and various third parties' confidentiality for the sake of Plaintiff's pointless and harassing fishing expedition." (ECF No. 126 at 11-12). Defendant does not elaborate on the confidentiality issue but asserts that the requests are harassing because they are duplicative of the subpoenas to Dr. Seiff. (*Id.* at 12).  Defendant's counsel explains, however, that the difference between Dr. Seiff's retention in third-party claims versus first-party claims makes it burdensome to gather responsive data. (*Id.* at 3). "In third-party claims, defense counsel—not State Farm—typically retains Dr. Seiff, either directly or through a vendor, and all communication and payment for services rendered is between defense counsel and Dr. Seiff.  To that end, the task of identifying the instances where Dr. Seiff authored reports and received compensation is burdensome." (*Id.*).  Defendant adds that it is "working in good faith to figure out a way to obtain these potentially voluminous records of Dr. Seiff's expert reports and the financial arrangements behind them from State Farm's own records and the records of various third parties…" (*Id.* at 12).

      Plaintiff argues in reply that Defendant has not explained why the burden of the discovery outweighs its benefit. (ECF No. 129 at 10). This is especially true because, as Plaintiff argues, Defendant "obtains copies of [Dr. Seiff's] reports requested by third-parties and uses them in evaluating its claims, and therefore, should be able to determine when Dr. Seiff has been used as an expert medical witness." (*Id.*). She reasserts that the subpoenas to Dr. Seiff served a different purpose than the requests to Defendant and thus, are not cumulative or duplicative. (*Id.* at 10-11).

      When determining proportionality, the Court must examine six factors: (1) the importance of the issues at stake in the action; (2) the amount in controversy; (3) the parties' relative access to relevant information; (4) the parties' resources; (5) the importance of the discovery in resolving the issues; and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1). Federal Rule of Civil Procedure 26(b)(2)(C) also requires the court to limit discovery that is unreasonably cumulative or duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C). The Court should consider the totality of the circumstances in deciding whether to restrict discovery. *See Friedman v. Baca*, No. 3:17-cv-00433-MMD-WGC, 2019 WL 11499068, at *2 (D. Nev. Sept. 10, 2019).

      The Court finds that Plaintiff's requests are proportional. First, the Court has already found that the information sought is relevant to Plaintiff's assertion of bias. As one of Plaintiff's theories of liability, the issue is important to the action. Second, the amount in controversy is significant, with Plaintiff asserting that her medical expenses totaled $148,334.50 back in 2017. (ECF No. 7). Third, Defendant does not assert that it cannot access the information. In fact, it claims to be in the process of gathering it in the event the Court grants Plaintiff's motion. Plaintiff, on the other hand, has no access to Dr. Seiff's prior reports or compensation records. Fourth, Defendant has more resources than Plaintiff, both financial and systemic, to gather the records. Fifth, the discovery is important in resolving Plaintiff's claims of bias, which may otherwise be difficult to prove or disprove. Sixth, although the Court has no reason to believe that obtaining the reports Plaintiff requests will be easy, Defendant has not carried its burden of showing that the request will be unduly burdensome. Defendant is already in the process of gathering the information which is uniquely in its possession. And Defendant has not explained

1  why gathering the information would cause an undue strain on its resources. Additionally,
2  Plaintiff has acknowledged the subpoena to Dr. Seiff. She explains that, while the information
3  the subpoena seeks may overlap with that which the RFPs seek, the information is distinct
4  because the subpoena seeks payments from *all* insurance companies, not just Defendant. The
5  Court thus finds that Plaintiff's requests are proportional.

           3.      <u>Defendant's objections.</u>

    In challenging Defendant's objections, Plaintiff asserts that they are boilerplate and that Defendant's assertions of privilege are unsupported by argument or a privilege log. (ECF No. 123 at 15). Defendant does not address this argument in response. Because the failure to address an argument in response operates as a concession, the Court does not factor Defendant's objections into its analysis and decision to grant Plaintiff's motion to compel. *See Jenkins v. County of Riverside*, 398 F.3d 1093, 1094 n.4 (9th Cir. 2005) (explaining that a party abandoned her claims by not raising them in opposition to a motion).

           ***B.***     ***The Court denies Plaintiff's motion for attorneys' fees.***

    "When a court grants a motion to compel, the victor is entitled to expenses–including attorneys' fees–unless the loser was substantially justified or the imposition of sanctions would be unjust." *Kiessling v. Det. Rader P#6099*, No. 2:16-cv-0690-GMN-NJK, 2018 WL 1401972, at *4 (D. Nev. Mar. 20, 2018) (citing Fed. R. Civ. P. 37(a)(5)(A)).[1] Discovery conduct is substantially justified "if reasonable people could differ on the matter in dispute." *U.S. E.E.O.C. v. Caesars Ent., Inc.*, 237 F.R.D. 428, 435 (D. Nev. 2006). The losing party has the burden of establishing substantial justification or unjust circumstances. *E.g., Wood v. GEICO Casualty Co.*, No. 2:16-cv-00806-GMN-NJK, 2016 WL 6069928, at *1 (D. Nev. Oct. 14, 2016). The district court has great latitude in imposing discovery sanctions. *Lew v. Kona Hosp.*, 754 F.2d 1420, 1425 (9th Cir. 1985).

---

[1] An award of attorneys' fees is also improper if a pre-filing conference was not conducted prior to filing the motion to compel. Fed. R. Civ. P. 37(a)(5)(A)(i). That exception is not implicated here.

Attorneys' fees are not warranted here because Defendant's position is substantially justified. Defendant has asserted persuasively that "this discovery dispute is not governed by any rule-based or settled case law authority." (ECF No. 127). The Court agrees. While the Ninth Circuit has discussed evidence like that which Plaintiff requests in *Hangarter* and *Sekera*, those cases do not create a bright line rule. Considering that Plaintiff's counsel, Defendant's counsel, and the Court have all interpreted these cases differently, the Court cannot find that reasonable minds would not differ on the relevance of Plaintiff's requests under Ninth Circuit precedent. Additionally, the parties have different stories about what happened at their meet and confer, making it difficult for the Court to decide whether the meet and confer happened in good faith or not. While substantial justification is a closer question here considering the Court's conclusion to grant the motion, because reasonable minds can disagree, the Court denies the motion for attorneys' fees.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to compel (ECF No. 123) is **granted.**

**IT IS FURTHER ORDERED** that Plaintiff's motion for attorneys' fees (ECF No. 125) is **denied.**

DATED: January 12, 2022

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE