# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Macie Peeler, | Case No.: 2:17-cv-02735-JAD-DJA |
| Plaintiff | **Order Granting Defendant's Motion to Stay and Denying as Moot Cross-Motions for Summary Judgment** |
| v. | |
| State Farm Automobile Insurance Company, | [ECF Nos. 108, 130, 132] |
| Defendant | |

This insurance bad-faith action arises out of State Farm Mutual Automobile Insurance Company's denial of plaintiff Macie Peeler's request for uninsured-motorist benefits following a car accident allegedly caused by another driver. This case was stayed pending Peeler's state-court action against the other driver and resumed after a jury found against Peeler and awarded her no damages for the accident. Recently, however, the Nevada Court of Appeals vacated that state-court judgment and remanded that case for retrial. State Farm moves to stay the case again pending the outcome of a second trial. Both parties also move for summary judgment. Because I find that State Farm has demonstrated the need for a stay, I grant its motion and deny both summary-judgment motions without prejudice.

## Background

In July 2013, Macie Peeler was involved in a motor-vehicle accident with an uninsured motorist during which she allegedly suffered serious injuries.[1] At the time of the accident, Peeler was a named insured under an automobile policy with State Farm.[2] That policy had a $100,000/$300,000 uninsured-motorist provision. The policy conditioned the payment of

---

[1] ECF No. 34 at 15–21 (state-court complaint); ECF No. 1. at 12 (first-amended state-court complaint).

[2] ECF No. 34 at 23.

uninsured-motorist benefits on the insured's ability to show legal entitlement to recover compensatory damages from the tortfeasor by establishing the tortfeasor's fault and the amount of those damages.[3]

The case developed along two tracks. Peeler first contacted State Farm about the uninsured-motorist coverage in April 2015.[4] That May, she filed a lawsuit in state court against the uninsured motorist and the car-rental company for negligence, negligence per se, and negligent entrustment.[5] While the state-court case was pending, Peeler submitted proof to State Farm of the $148,334 she had incurred for medical treatment along with medical records that showed her need for future surgery.[6] The parties corresponded until August 10, 2017, when "State Farm denied to extend an Uninsured Motorist bodily injury settlement offer."[7] Apparently, State Farm had valued Peeler's claim at an undisclosed amount and it refused to compensate her under the uninsured-motorist provision.[8]

Peeler then sued State Farm for breach of contract and breach of the implied covenant of good faith and fair dealing in state court.[9] State Farm removed that action to this court, and Peeler filed a second-amended complaint.[10] I denied State Farm's motion to dismiss but granted its request to stay the case pending the resolution of the state-court case.[11]

---

[3] *Id*. at 49.
[4] ECF No. 1 at 12.
[5] ECF No. 34 at 15–21.
[6] ECF No. 1 at 12.
[7] *Id*.
[8] *Id*.; ECF No. 7 at 5.
[9] ECF No. 38-1 (first-amended federal-court complaint).
[10] ECF No. 1; ECF No. 7.
[11] ECF No. 24; ECF No. 30.

The state-court case went to trial in November 2018. Although the uninsured motorist conceded fault for the accident, the jury found in his favor and awarded zero damages to Peeler.[12] Peeler then moved to lift the stay in this case after the state court entered its judgment, and I granted that motion.[13] Peeler also appealed the state-court verdict, arguing that the uninsured motorist's medical expert was not qualified to give the opinions he expressed during the trial.[14] In July 2021, the Nevada Court of Appeals vacated the verdict and remanded the case for retrial, finding that the medical expert used unreliable methods to determine what caused Peeler's injuries and gave opinions that he was not qualified to give.[15] State Farm now moves to stay because retrying the state-court action prevents this court from making findings necessary to the resolution of this case.[16] Both parties also move for summary judgment on the merits of Peeler's claims.[17]

## I.  A *Landis* stay is warranted.

A district court has the inherent power to stay cases to control its docket and promote the efficient use of judicial resources.[18] When determining whether a stay is appropriate pending the resolution of another case—often called a "*Landis* stay"—the district court must weigh: (1) the possible damage that may result from a stay, (2) any "hardship or inequity" that a party may

---

[12] ECF No. 38-3 at 23 (transcript); ECF No. 34 at 81-82 (judgment).

[13] ECF No. 32; ECF No. 33.

[14] ECF No. 108-1 (Nevada Court of Appeals order reversing, vacating, and remanding the state-court judgment).

[15] *Id.*

[16] ECF No. 108.

[17] ECF No. 130; ECF No. 132.

[18] *Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936); *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

suffer if required to go forward, (3) "and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law" that a stay will engender.[19]

State Farm moves for a stay pending the conclusion of the state-court action. It argues that because Peeler chose to sue the uninsured motorist, she has chosen to prove legal entitlement—a term of art that requires the insured to prove fault by the tortfeasor and the extent of her damages—through that state-court action.[20] Peeler objects, arguing that Nevada law does not require an insured to obtain a judgment against a tortfeasor to prove legal entitlement and therefore she need not await the outcome of the state-court action to proceed here.[21] These legal-entitlement arguments have been made several times in this case, but I need not address their merits again. I initially stayed this case under *Landis v. North American Company* due to a practical damages consideration, which is as relevant now as it was then.[22] It will be difficult, if not impossible, for a jury in this case to calculate damages unless and until the state-court process determines how much, if anything, the uninsured motorist will pay. While these cases are against separate parties and bring separate causes of action, the state-court action impacts the resolution of this one, such that allowing both to proceed simultaneously would be a waste of judicial resources. And Peeler has not demonstrated any damage or hardship that would result from a stay beyond the specter of delay.[23] I find that the hardship imposed by moving forward at

---

[19] *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

[20] ECF No. 108 at 5–6.

[21] ECF No. 113 at 6–7.

[22] *Landis*, 299 U.S. 248; ECF No. 30.

[23] Peeler focuses on standards for abstention under *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), as stated by a court in the District of Nevada in *Commercial Casualty Insurance Company v. Swarts, Manning & Associates, Inc.*, 616 F. Supp. 2d 1027 (2007), and does not address the slightly different *Landis* factors. *See* ECF No. 113 at

this late stage of litigation with the dispute between Peeler and the other motorist back to *tabula rasa*, along with the waste of judicial resources that could result if the instant case proceeds and has to be unwound based on developments in that underlying state-court case, outweigh any hardship caused by delay.  So I stay this case until the state-court action concludes, deny both summary-judgment motions as moot and without prejudice to refiling when the stay has been lifted, and administratively close this case.[24]  Either party may move to lift the stay and reopen the case when the state-court action concludes.

## Conclusion

IT IS THEREFORE ORDERED that State Farm Automobile Insurance Company's motion to stay **[ECF No. 108] is GRANTED**.  This case is **STAYED** until Peeler's state-court action concludes.  The Clerk of Court is directed to **ADMINISTRATIVELY CLOSE** this case.

IT IS FURTHER ORDERED that the parties' motions for summary judgment **[ECF Nos. 130 and 132] are DENIED** as moot and without prejudice to refiling after the stay is lifted.

_____
U.S. District Judge Jennifer A. Dorsey
March 24, 2022

---

10–18. Because I find that *Landis* provides the appropriate vehicle to stay this case, I decline to address *Colorado River*'s abstention factors.

[24] Peeler alternatively asks that I consolidate this case with the state-court action and allow both to be tried in state court. ECF No. 113 at 19–20. A federal judge does not have the authority to foist a federal action upon the state courts. Federal Rule of Civil Procedure 42 allows consolidation of "actions before the court" if they involve a common question of law or fact. The state-court action is obviously not before this court.

5